UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MAJCHRZAK, MICHELLE
DeJEAN, LINDA MAJCHRZAK-WAGNER,
MARIANNE OSTER, LISA WAGNER,
GREG MAJCHRZAK, ROBERT MAJCHRZAK,
and STEVEN MAJCHRZAK,

        Case Number:

       Plaintiffs,

v

        HON:

WAYNE COUNTY, WAYNE COUNTY
MEDICAL EXAMINER, CARL J.
SCHMIDT, MD, and REGGIE HARVEL,
 jointly and severally,

       Defendants.

_____/

SCHWARTZ LAW FIRM, P.C.
By:   Mary Mahoney (P41568)
Attorneys for Plaintiffs
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400
(248) 553-9107 Facsimile
mmahoney@schwartzlawfirmpc.com

_____/

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

    NOW COME Plaintiffs, Jeffrey Majchrzak, Michelle Dejean, Linda

Majchrzak-Wagner, Marianne Oster, Lisa Wagner, Greg Majchrzak, Robert

1

Majchrzak, and Steven Majchrzak, by and through their attorneys, Schwartz Law Firm, P.C., and for their Complaint state:

1.      This action arises under 42 USC §1983. Jurisdiction is conferred by 28 USC §1331, §1343(3), (4).

## PARTIES AND VENUE

2.      Plaintiffs, Jeffrey Majchrzak, Michelle Dejean, Linda Majchrzak-Wagner, Marianne Oster, Lisa Wagner, Greg Majchrzak, Robert Majchrzak, and Steven Majchrzak, known collectively as the "Majchrzak" are the bereft siblings of Timothy William Majchrzak ("Timothy"), now deceased.  The Majchrzak Family members reside in the Southeast Michigan area, within the district in which this federal district court sits.

3.      The Majchrzak Family are the "next of kin" with the right to possession of the body of their brother, Timothy William Majchrzak, now deceased, for burial.

4.      Defendant, Wayne County, is a governmental subdivision of the State of Michigan, geographically situated within the Eastern District of Michigan.

5.      Defendant, Wayne County Medical Examiner ("ME"), is a public body organized under the laws of the State of Michigan and is geographically situated within the Eastern District of Michigan.

6.      Defendant, Carl J. Schmidt, M.D. ("Schmidt"), was at all material times acting as the Chief Medical Examiner for Defendant, Wayne County.

2

7.     Defendant, Reginald Harvel ("Harvel"), was at all material times employed by the ME's office as an Investigator.

8.     The Majchrzak Family's cause of action arose in the City of Detroit, County of Wayne, State of Michigan.

9.     The amount in controversy exceeds $75,000.00 and is otherwise within the jurisdiction of this court.

## FACTUAL ALLEGATIONS

10.    Timothy William Majchrazk was one of nine children of the close and loving Majchrzak Family, who resided for years in Fraser, Michigan.

11.    Although Timothy battled drug addiction as an adult, making several unsuccessful attempts to get clean, he remained close to his family – including his elderly father.

12.    Timothy managed to maintain regular contact with his family, even during periods when he was actively using; he knew that his family would worry if he did not check in with them.  He loved his family, and knew that they loved him, despite the troubled life he had lived.

13.    Shortly before he died, Timothy contacted his sister, Linda, to borrow a vehicle to get to a new job; Linda gave him the keys to her Chevy Malibu to use for a one-week period on March 17, 2018, which was the last time Timothy had contact with his family.

3

14.     On or about March 25, 2018, at the age of 59, Timothy died in a house located at 9174 Cadieux in the City of Detroit; he was discovered by a purported "roommate" who knew him only by his first name, after he had already died.

15.     Present on or near Timothy's body at the time of death was his State of Michigan ID card, identifying him by his full legal name, with his date of birth.

16.     At the scene where Timothy's body was discovered, there was a crack pipe lying on the floor next to Timothy, and the pipe was collected along with Timothy's ID card for evidence; The MEO Investigator attending the scene noted the impression of Detroit Police Officers that Timothy had died a natural death, but also that there was a crack pipe in his immediate presence.

17.     On March 25, 2018, at 1:15 p.m., Timothy was pronounced dead by Carl Schmidt, MD, and before even attempting to notify next of kin, Defendant Schmidt unlawfully and intentionally mutilated the Timothy's body, without consent, by: opening the body with thoracco-abdominal and posterior coronal scalp incisions, removing and dissecting organs, photographing the body and its parts, and suturing the body closed; the head and skull was not sutured closed, rather a loop and knot was made with ligature to pull the incision together. It was the conclusion of the Medical Examiner Schmidt that Timothy died from cocaine and fentanyl intoxication.

18.     Schmidt's performance of an autopsy and removal of said organs without the consent of the Majchrzak Family when the Majchrzak Family could have been

4

located by several means prior to autopsy constitutes an unlawful and intentional mutilation of Timothy's corpse, in derogation of the Majchrzak Family's right to be notified when possible prior to the performance of an autopsy and to the remains of their deceased son and sibling.

19.     At the time the autopsy was performed, the Majchrzak Family did not even know that their brother was dead because neither Wayne County, or the ME, or Gupta had made ANY attempt to identify the body (beyond taking his Michigan ID card into evidence) for purposes of notifying the next of kin, as required by Michigan statute.  MCL 52.205(4) & (5).

20.     Defendants took fingerprints from Timothy on March 27, 2018 for the purpose of identifying his body and obtained an address in Fraser, MI, at the house where the entire Majchrzak Family had resided; Fraser Police were asked to check the residence and received no response, however, the family had not resided in that house for a number of years, although numerous neighbors who knew the family still resided in the immediate area.

21.     On March 30, 2018, Linda filed a police report relative to the Chevy Malibu with the Grosse Pointe Farms Public Safety Department, and the information relating to the missing vehicle was logged into LEIN on that date.

22.     On April 1, 2018, the Chevy Malibu was located on Cadieux and recovered by the Grosse Pointe Farms police, and returned to Linda, however, despite

Linda's desire to pursue an investigation, no further investigation was done with respect to the vehicle, and the case was closed a year later.

26.    On March 30, 2018, Timothy Majchrzak made a report to the St. Clair Shores Police Department (SCSPD) that Timothy had been missing for eight (8) days, and also provided information about Linda's vehicle, which was also available by virtue of a BOL issued by Grosse Pointe Farms.

27.    On April 2, Gregory returned to SCSPD and advised that no one had heard from Timothy, and described his clothing and appearance; SCSPD advised that Timothy had not been entered into LEIN as of that date.

28.    On April 3, 2018, SCSPD contacted Gregory and was advised that Timothy had still not been heard from; Gregory provided information about Timothy hanging out in drug houses around the Cadieux area.  SCSPD then took steps to enter Timothy in LEIN and also into NamUS, a missing person system.  Timothy was entered into NamUS on April 4, 2018.

29.    Between April 3, 2018 and April 17, 2018, the Majchrzak Family made up fliers with Timothy's picture and description, and actively hung fliers all around areas where Timothy had been known to frequent.  The Family search empty fields, and canvassed open areas and abandoned homes searching for their brother.  The Family also notified news outlets, who covered the story and the Family's search for their brother.

30.   Members of the Majchrzak Family also contacted the Wayne County Medical Examiner's office and the Detroit Police Department, inquiring about Timothy, with negative results.

31.   Between March 27, 2018 and August, 2019, upon information and belief, Defendants took no action whatsoever to identify next of kin and notify them that they had possession of the body of Timothy.  As of early April, there were multiple sources of information available to Defendants, including without limitation LEIN, NamUS, reports with at least four police agencies (St. Clair Shores, Grosse Pointe Farms, Detroit and Michigan State Police) and news reports.

32.   On August 27, 2019, Defendant Harvel, the Investigator assigned to Timothy's case at the ME's office, sent a letter addressed to the "Majchrzak (family)", advising that Timothy's body had been at the ME's office since March 25, 2018.

33.   Timothy's body had been lying in the morgue for one year and five months  before Harvel notified the Majchrzaks.

34.   When members of the Majchrzak Family arrived at the morgue, the sight of Timothy's mutilated and decomposed body shook them to the core and caused them severe mental anguish and extreme emotional distress.

35.   When members of the Majchrzak Family asked Investigator Harvel how this could have happened, he said that no ID had been found on the body (which was

untrue), and that the name had been misspelled in internal reports, such that the family was "lucky I found you guys at all".

36.     Harvel indicated to Family members that if they had called and given the correct spelling of the name, they would still not have found their brother due to the misspelling in the report; however, the report has the name spelled correctly in one spot and incorrectly in another spot, such that if anyone had simply reviewed the *one page* report, the minor spelling discrepancy would have been noted and could have been resolved by comparison to the State ID card found with his body, and the misspelling was the careless and reckless act of Defendants.

37.     Harvel further indicated that the Family had been located after Harvel and his partner were "fooling around with name searches", and continued to insist that the information that the ME had was erroneous, even though it was taken directly from the State ID card found alongside Timothy's body; the "information" was only "erroneous" with respect to the careless addition of one letter at one spot in the report by whomever completed the report, and by simple observation, the name is very distinctive.

38.     Timothy's body was severely decomposed by the time Defendants notified the Majchrzak Family of its location, denying the Majchrzak Family the comfort of knowing that their brother had been given a peaceful and dignified resting place.

39.     The funeral director documented the condition of Timothy's body at the time it was turned over for burial; the body was covered in mold and skin slippage was significant, with some skin having slid off the body and laid in the bottom of the body bag.

40.     The funeral director advised that it was not possible to prepare the body for an open casket funeral, causing deep anguish and outrage to the Majchrzak Family.

41.     Timothy's father passed away in June, 2018, without ever knowing what happened to his son.

42.     The actions and omissions of Defendants are the direct and proximate cause of the deep pain and suffering sustained by the Majchrzak Family.

43.     Other than the brief conversation with Defendant Harvel, Defendants never provided any further information to the Majchrzak Family about how their brother could have been decomposing in the freezer at the ME's Office for nearly 18 months before the Family was notified.

44.     Upon information and belief, Defendants Wayne County, ME and Schmidt, and/or Harvel, have a practice, policy, or custom of disregarding their statutorily mandated duties of making diligent efforts to identify a decedent's body for purposes of notifying the next of kin, including without limitation, failing to track the status of unidentified bodies and failing to assign examiners in a manner that will

9

ensure the timely identification of deceased persons and notify loved ones and relatives.

45.     As a direct and proximate result of Defendants' practice, policy and/or customs, the Majchrzak Family members have been damaged in an amount exceeding $75,000.00.

46.     There is no immunity for any of the Defendants, and the Defendants cannot escape liability where, as here, they acted with a lack of good faith, their conduct being wanton or reckless, as any reasonable person would know that emotional distress would result from Defendants' conduct. *Odom v Wayne County*, 482 Mich 459 (2008); *Haverbush v Powelson*, 217 Mich App 228 (1996).

## COUNT I

## <u>42 USC §1983 – WAYNE COUNTY</u>

47.     Plaintiffs repeat and reallege paragraphs 1 through 46 as though each allegation was stated verbatim.

48.     That at all material times, Wayne County, as the governmental entity responsible for oversight of the ME, and/or its appointed Chief Examiner Schmidt, and all its agents and employees, owed the following duties to the Majchrzak Family:

A.     To ensure that employees employed by Wayne County were competent, capable, with the proper licensing and training suitable to their position(s).

B.     To refrain from hiring or appointing incompetent, incapable, and untrained employees.

10

    C.     To monitor the performance of the ME and/or Schmidt, to ensure Defendants' compliance with State law.

    D.     To monitor the performance of its employees, including, but not limited to the Chief Medical Examiner, Schmidt, to ensure that same are competent, capable, and in compliance with all State laws governing that Office.

    E.     To adequately supervise the ME and/or its employees including, but not limited to its Chief Medical Examiner Schmidt, to ensure the same is competent, capable, and trained and in compliance with all State laws governing that Office.

49.    That at all material times, Wayne County was acting under color of state law as and pursuant to a policy, custom, and/or established procedure of the Defendants.

50.    Wayne County's acts and/or omissions violated 42 USC Section 1983, when they deprived the Majchrzak Family of a constitutionally protected property right/interest in timely release of their deceased brother's body for the purpose of burial.

51.    Wayne County's acts and/or omissions were at all times intentional, objectively unreasonable, reckless, and/or grossly negligent, in violation of the Majchrzak Family's clearly established rights under the Fourteenth Amendment to the United States Constitution.

52.    As a direct and proximate result of Wayne County's violation/ deprivation of the Majchrzak Family's clearly established constitutional rights, the

Majchrzak Family has endured mental anguish, severe emotional distress, humiliation, embarrassment, and suffering as a result of being denied the comfort of a prompt and proper burial of their brother without unnecessary mutilation of his body.

53.     In addition, as a direct and proximate cause of Wayne County's extreme and outrageous, intentional or reckless conduct in failing to meet their duties outlined above, the Majchrzak Family has sustained both economic and non-economic damages, counseling expenses, physical pain, suffering, emotional distress, humiliation, embarrassment, depression, loss of enjoyment of life and other damages.

WHEREFORE, Plaintiffs, all members of the Majchrzak Family, claim compensatory and punitive damages pursuant to 42 USC §1983, together with interest, costs and attorney fees pursuant to 42 USC §1988.

## COUNT II

### 42 USC §1983 AS TO WAYNE COUNTY
### MEDICAL EXAMINER CARL J. SCHMIDT

54.     Plaintiffs repeat and reallege paragraphs 1 through 53 as though each allegation was stated verbatim.

55.     At all times material times herein, ME was responsible for the collection, supervision, and disposition of deceased bodies found within Wayne County.

56.     At all material times herein, Schmidt was acting as the Chief Medical Examiner for Wayne County.

57.    At all material times herein, ME was acting under color of state law pursuant to its customs, policies and procedures or practices.

58.    At all material times, ME and Schmidt owed certain statutory duties to the Majchrzak Family pursuant to MCL 52.205.

59.    At all material times herein, Defendant acted recklessly, negligently and/or with deliberate indifference when he practiced and /or permitted actions, policies and/or practices that resulted in constitutional and legal violations to the Majchrzak Family, in the following particulars:

A.    Failing to properly supervise and monitor the activities of employees including, but not limited to, Harvel, and others, so as to prevent the deprivation of rights of the next of kin to possession of the deceased bodies of their loved ones.

B.    Failing to ensure that its employees including, but not limited to, Harvel and others, made diligent efforts to ascertain the identity of the deceased's body and to immediately and as compassionately as possible notify the next of kin of the decedent's death.

C.    Failing to ensure that its employees including, but not limited to, Harvel and others, were competent, capable, and adequately educated and trained so as to avoid the deprivation of the rights of the next of kin.

D.    Failing to promulgate and/or enforce policies, procedures and practices to ensure employees' compliance with their statutorily mandated duties including but not limited to, the duty to ascertain the identity of the decedent and immediately and as compassionately as possible notify the next of kin of the decedent's death and location of the body, and to make diligent efforts to locate and notify the next of kin, and the duty to refrain

from inappropriately, unnecessarily, and/or unlawfully mutilating a corpse.

E.    Retaining incapable, untrained or incompetent employees.

F.    Conducting and/or allowing employees and/or agents to conduct the unlawful mutilation and/or improper treatment of Timothy's body in derogation of the Majchrzak Familys' clearly established rights guaranteed by the state and federal constitutions.

G.    Performing and/or allowing employees and/or agents to perform the unnecessary and unlawful removal of Timothy's organs and tissue in derogation of the Majchrzak Familys' clearly established rights guaranteed by the state and federal constitutions.

H.    Failing to properly supervise, monitor and train his own employees in the proper procedure of death investigation and next of kin notification so as to avoid violations of constitutional and legal rights.

60.    Defendants' acts and/or omissions were so reckless as to be in disregard of and/or deliberate indifference to a substantial likelihood that injuries would result.

61.    Defendants' acts and/or omissions violated 42 USC Section 1983, when they deprived the Majchrzak Family of a constitutionally protected property right/interest in their deceased brother's body for the purpose of burial.

62.    As a direct and proximate result of Defendants' violation/deprivation of the Majchrzak Familys' clearly established constitutional rights, the Majchrzak Family has endured mental anguish, severe emotional distress, humiliation, embarrassment, and suffering as a result of being denied the comfort of a prompt and proper burial of their brother without unnecessary mutilation of his body.

63.     In addition, as a direct and proximate cause of the Defendants' extreme and outrageous, intentional or reckless conduct in failing to meet their duties outlined above, the Majchrzak Family has sustained both economic and non-economic damages, counseling expenses, physical pain, suffering, emotional distress, humiliation, embarrassment, depression, loss of enjoyment of life and other damages.

64.     As a direct and proximate result of Defendants' violation/deprivation of the Majchrzak Familys' clearly established constitutional rights, the Majchrzak Family claims compensatory and punitive damages pursuant to 42 USC §1983, together with interest, costs and attorney fees pursuant to 42 USC §1988.

## COUNT III

## GROSS  NEGLIGENCE – CARL J. SCHMIDT, M.D. and

## REGGIE HARVEL

65.     Plaintiffs repeat and reallege paragraphs 1 through 62 as though each allegation was stated verbatim.

66.     That all material times herein, Schmidt, individually, and as the Chief Medical Examiner for Wayne County, and Harvel, as Investigator for the Medical Examiner, owed the following duties to the Majchrzak Familys:

      A.     To supervise the employees to ensure that they were competent, capable and trained with respect to their position(s).

15

B.    To ensure that all employees complied with their statutory duties under MCL 52.205.

C.    To promulgate, create, and/or enforce systems, procedures, policies and practices to ensure that all employees and/or agents of Defendants complied with their statutory duties under MCL 52.205.

D.    To refrain from allowing Defendants' employees and/or agents to perform unlawful or inappropriate mutilation of Timothy's body, in derogation of the Majchrzak Familys' constitutionally protected rights.

E.    To make diligent efforts to ascertain the identity of a deceased's body and to immediately notify the next of kin.

F.    To refrain from performing or allowing Defendants' employees/agents to perform unnecessary autopsies and/or removal of organs.

67.    The actions of the Defendants constituted a deprivation of a protected property right of the Majchrzak Family, as Schmidt's conduct was extreme and outrageous, intentional or reckless and demonstrated a substantial lack of concern for whether an injury would result.

68.    That Schmidt and Harvel knew, or should have known from prior incidents resulting in Defendants' failure to timely identify a body or timely notify next of kin, that a flaw existed in the system and/or his employees were seriously lacking in competence, capability and/or training.

69.    As a direct and proximate cause of the Schmidt's extreme and outrageous, intentional or reckless conduct in failing to meet the duties outlined above,

16

the Majchrzak Family has endured mental anguish, severe emotional distress, humiliation, and embarrassment.

70.     In addition, as a direct and proximate cause of the Schmidt's extreme and outrageous, intentional or reckless conduct in failing to meet their duties outlined above, the Majchrzak Family has sustained both economic and non-economic damages, counseling expenses, physical pain, suffering, emotional distress, humiliation, embarrassment, depression, loss of enjoyment of life and other damages.

## COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### CARL J. SCHMIDT,  REGGIE HARVEL, AND WAYNE COUNTY
### MEDICAL EXAMINER

71.     Plaintiffs repeat and reallege paragraphs 1 through 70 as though each allegation was stated verbatim.

72.     At all times material herein, Schmidt, Harvel  and ME were required to conduct the duties of their office in compliance with MCL 52.205 and other state laws.

73.     At all times material herein, Schmidt, Harvel and ME were responsible for the proper supervision and disposition of deceased bodies and owed the following duties to the Majchrzak Family:

> A.     To ensure that the employees employed by the Defendants were competent, capable, and current with regard to their position(s).

> B.     To refrain from hiring incompetent, incapable, and non-current employees.

17

C.    To monitor the performance of the employees employed by the Defendants to ensure that they were competent, capable, and current with regard to their position(s).

D.    To train and educate the employees employed by Defendants to ensure that they were competent, capable, and current with regard to their position(s).

E.    To supervise the employees employed by the Defendant to ensure that they were competent, capable, and current with regard to their position(s).

F.    To create, promulgate and monitor all internal policies, procedures, practices and systems to ensure that employees employed by Defendants are able to meet their statutory duties.

74.    Schmidt and ME's failure to identify Timothy's body within a reasonable time such that his body remained in the morgue for one year and five months, decomposing into a state of non-recognition, constituted a negligent infliction of emotional distress upon the Majchrzak Family.

75.    Schmidt, Harvel and ME's failure to make diligent efforts to identify Timothy's next of kin, when Timothy's body was found with a Michigan State ID card, constituted a negligent infliction of emotional distress upon the Majchrzak Family.

76.    Schmidt, Harvel and ME knew or should have known that their actions and/or omissions would cause any reasonable person mental anguish and extreme emotional distress and that such actions and omissions constitute reckless disregard for the welfare of Wayne County's citizenry.

18

77.     That as a direct and proximate cause of Schmidt, Harvel and ME's extreme and outrageous, intentional or reckless conduct in failing to meet the duties outlined above, the Majchrzak Family has endured mental anguish, severe emotional distress, humiliation, and embarrassment.

78.     In addition, as a direct and proximate cause of the Schmidt, Harvel and ME's extreme and outrageous, intentional or reckless conduct in failing to meet their duties outlined above, the Majchrzak Family have sustained both economic and non-economic damages, counseling expenses, physical pain, suffering, emotional distress, humiliation, embarrassment, depression, loss of enjoyment of life and other damages in excess of $75,000.00.

## **DAMAGES/RELIEF REQUESTED**

WHEREFORE, Plaintiffs, Majchrzak Family, respectfully request that this Honorable Court enter the following legal and equitable relief:

A.     Compensatory damages in an amount in excess of $75,000.00;

B.     Exemplary damages in an amount in excess of $75,000.00;

C.     Punitive damages in an amount in excess of $75,000.00;

D.     Interest, costs and actual attorney fees; and

E.     Such other and further legal and/or equitable relief as the Court shall deem just and appropriate.

Respectfully submitted,

SCHWARTZ LAW FIRM, P.C.


By:    /s/ Mary A. Mahoney
       Attorney for Plaintiffs
       37887 West Twelve Mile Road
       Farmington Hills, Michigan  48331
       (248) 553-9400
       mmahoney@schwartzlawfirmpc.com
Dated:  March 24, 2020    (P41568)


## PLAINTIFF'S JURY DEMAND

NOW COMES Plaintiffs, Majchrzak Family, by and through their attorneys,

Schwartz Law Firm, P.C., and hereby demand a trial by jury of the within cause.

Respectfully submitted,

SCHWARTZ LAW FIRM, P.C.


By:    /s/ Mary A. Mahoney
       Attorney for Plaintiffs
       37887 West Twelve Mile Road
       Farmington Hills, Michigan  48331
       (248) 553-9400
       mmahoney@schwartzlawfirmpc.com
Dated:  March 24, 2020    (P41568)